# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

SABRINA A. TIPPINS,
                Appellant,

       v.

DEPARTMENT OF THE ARMY,
                Agency.

DOCKET NUMBER
DC-3443-20-0685-I-1

DATE: October 11, 2024

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sabrina A. Tippins</u>, Moyock, North Carolina, pro se.

<u>Aramide Pasay</u>, Norfolk, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her nonpromotion appeal for lack of jurisdiction. For the reasons set

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The appellant, a GS-13 Workforce Coordinator, applied for a GS-14 Chief of Mission Support Division position but was not selected for the promotion. Initial Appeal File (IAF), Tab 1 at 1, 5. The appellant filed the instant appeal, challenging the nonselection. *Id.* The administrative judge issued an order to show cause on the issue of jurisdiction. IAF, Tab 3. After the parties responded, she issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tabs 4-5, 8, Tab 10, Initial Decision (ID) at 1, 7. The decision notified the appellant that it would become final on November 5, 2020, unless a petition for review was filed by that date. ID at 7.

On November 9, 2020, the appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1 at 3. The Acting Clerk of the Board subsequently notified the appellant that her petition for review appeared to be untimely and provided her with an opportunity to submit a motion requesting either to accept the filing as timely or waive the time limit for good cause. PFR File, Tab 2 at 1-2. The appellant has not responded to the Acting Clerk's notification. The agency has responded to the petition for review. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The petition for review is untimely filed.

The initial decision indicated that the appellant's petition for review had to be filed by November 5, 2020. ID at 7. However, the appellant did not file her petition for review until November 9, 2020, four days after the deadline. PFR File, Tab 1. The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the date of

issuance, within 30 days after the date she received the initial decision. 5 C.F.R. § 1201.114(e). Although the appellant has not submitted a motion in support of her untimely petition for review, in her petition for review she asserted that she does not know when she received the initial decision. PFR File, Tab 1 at 3. The appellant was registered as an e-filer at the time and, therefore, is deemed to have received the administrative judge's orders on the date of electronic submission, pursuant to 5 C.F.R. § 1201.14(m)(2) (2020). *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009); IAF, Tab 1 at 2, Tab 11. Further, as an e-filer, the appellant was responsible for monitoring her case activity at e-Appeal to ensure that she received all case-related documents. 5 C.F.R. § 1201.14(j)(3) (2020).

We deem the appellant to have received the initial decision on October 1, 2020, the date it was electronically issued. ID at 1; IAF, Tab 11. Her deadline for filing a petition for review was 35 days later, on November 5, 2020. PFR File, Tab 2 at 1. Therefore, the appellant's November 9, 2020 petition for review was filed 4 days untimely.

<u>The appellant has failed to demonstrate good cause for her untimely filed petition for review.</u>

In her petition for review, the appellant stated as good cause for her untimely filing that her equal employment opportunity (EEO) "investigation just arrived and shows substantial discrimination as evidence." PFR File, Tab 1 at 3. The Board will waive its filing deadline only upon a showing of good cause for the delay in filing. 5 C.F.R. §§ 1201.114(f)-(g). To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply

with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd,* 79 F.3d 1167 (Fed. Cir. 1996) (Table). The discovery of new evidence may constitute good cause for waiver of the Board's filing deadline if the evidence was not readily available before the close of the record below and is of sufficient weight to warrant an outcome different from that of the initial decision. *Minnich v. Office of Personnel Management*, 63 M.S.P.R. 573, 575 (1994), *aff'd per curiam*, 53 F.3d 348 (Fed. Cir. 1995) (Table).

Applying the *Moorman* factors, we find that the appellant has failed to establish good cause for her untimely petition for review. Although the appellant is proceeding pro se and her delay in filing was only 4 days, she has not provided any explanation as to why she was unable to timely file her petition for review or request an extension. *See Rivera*, 111 M.S.P.R. 581, ¶¶ 6-7 (declining to excuse a pro se appellant's 5-day delay in filing a petition for review allegedly caused by the loss of electricity during a portion of the filing period). To the extent the appellant argues that her recent receipt of an EEO report of investigation shows good cause, we are not persuaded. PFR File, Tab 1 at 3. The appellant did not submit the report of investigation, provide the date she received it, or otherwise establish that the information in the report was unavailable when the record closed, despite her due diligence. *Id.* Therefore, we find that the appellant has not presented new evidence on which to grant review of the initial decision. *Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶¶ 3, 5 (2013) (finding the Board would not consider the appellant's EEO report of investigation because the appellant failed to show that the information in the documents was unavailable before the close of record).

The appellant may be attempting to assert that she should be subject to the deadlines applicable to filing mixed-case appeals, which are in some instances triggered by the agency's processing of the employee's EEO complaint.

*See* 5 C.F.R. § 1201.154 (discussing these deadlines). This argument is unavailing. The appellant's untimely filing here was a petition for review, not an initial appeal subject to the deadlines in 5 C.F.R. § 1201.154. In any event, the appellant's alleged nonpromotion cannot serve as the basis for a mixed-case appeal because a nonpromotion is not an otherwise appealable action. *See Pridgen v. Office of Management and Budget*, 117 M.S.P.R. 665, ¶¶ 4, 7 (2012) (explaining that the Board did not have jurisdiction over an appeal as a mixed case because a nonselection is not an otherwise appealable action).

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the nonpromotion appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.